E. L. McKINNEY ET AL. V. GEORGE BROWN'S HEIRS.

1. SALE OF UNRECOMMENDED LAND CERTIFICATE. — A conveyance by the grantee, of a first-class headright certificate indorsed thereon, the certificate not having been recommended by the travelling board or established by suit, carries no interest in a certificate granted by special act of the Legislature to the original grantee or his heirs, in lieu of that on which the conveyance was indorsed.
2. SPECIAL ACT.—The unrecommended certificate being void, a special act granting a certificate in lieu thereof is a gratuity, and the party named therein as grantee takes its benefits.

ERROR from Hardin. Tried below before the Hon. H. C. Pedigo.

The facts are given in the opinion.

*J. C. C. Winch,* for plaintiffs in error.

I. The moving consideration for the issuance by the board of land commissioners of Brazoria county, February 1, 1838, of the headright certificate for one league and labor of land number 238, was that Brown was a colonist of Austin's colony, and as such was entitled by law to the land. The moving consideration which prompted the Legislature of Texas to require the commissioner of the general land office to issue certificate to the heirs of George Brown for the same quantity of land, in lieu of said certificate number 238, was that Brown or his heirs or assigns were entitled to the quantity of land originally called for by said land certificate number 238, which the Legislature recognized as a valid claim for land.

The transfer of the original certificate number 238, and

conveyance of land called for in it, written thereon February 27, 1838, from Brown to Bell, having been legally established by competent evidence, the heirs of George Brown were estopped from claiming title to the land. (Gould *v.* West, 32 Tex., 352, and cases cited; Van Rensselaer *v.* Kearney, 11 How., 323, and cases cited.)

II. The inception of the title to the land described was the right of George Brown as a colonist, whereby certificate number 238, dated February 1, 1838, was issued to him by the board of land commissioners of Brazoria county, and we believe the principle well established, that the patent when issued relates back to the inception of the title, and that land afterwards acquired always inures to the benefit of the inchoate, incipient, or imperfect title. (Landes *v.* Brant, 10 How., 370; French *v.* Spencer, 21 How., 240.)

III. A patent issuing to the heirs always inures to the benefit of a devisee, transferee, or grantee of the party who held the incipient title. (Gould *v.* West, 32 Tex., 352; Paschal's Dig., art. 4888*a;* Hunt *v.* Wickliffe, 2 Pet., 201; 2 Hill. on Real Prop., 375, 618, 685; McWilliams *v.* Nisly, 2 S. & R., 507, 517, 518.)

*Willie & Cleaveland*, for defendants in error.

I. The transfer of original "unrecommended certificate" number 238, and conveyance of land called for in it, indorsed thereon February 27, 1838, invested the assignee with no right, legal or equitable. (Constitution of 1845, art. 1, sec. 21; art. 7, sec. 20; art. 11, sec. 2; Hart. Dig., arts. 1946–1950; Paschal's Dig., arts. 4226, 4227, 4235–4237, 4244; Hughes *v.* Lane, 6 Tex., 289; League *v.* De Young, 2 Tex., 497; Norton *v.* The Commissioner, 2 Tex., 361; Kemper *v.* Victoria, 3 Tex., 135; Hosner *v.* De Young, 1 Tex., 764; Linn *v.* The State, 2 Tex., 320; Warren *v.* Shuman, 5 Tex., 441; Causici *v.* La Coste, 20 Tex., 286; Miller *v.* Brownson, 50 Tex., 583.)

II. The plaintiffs having sought to establish by their suit

the transfer of the unrecommended certificate, and to recover the land patented to the heirs of George Brown, their heirs and assigns, under said transfer, the defendants were entitled to reconvene, setting up title in themselves by the patent issued on certificate, and to have decree declaring the said transfer of unrecommended certificate invalid, and removing such cloud so cast on their title. (Egery v. Power, 5 Tex., 501; Castro v. Gentiley, 11 Tex., 28; Walcott v. Hendrick, 6 Tex., 418.)

III. The inception or source of the grant was in the certificate by the special act and patent thereon, and not in certificate number 238, which was "unrecommended," the transfer whereof conveyed nothing. (Warren v. Shuman, 5 Tex., 441; Norton v. The Commissioner, 2 Tex., 357; Kemper v. Victoria, 3 Tex., 135.)

Bonner, Associate Justice.—On February 1, 1838, the board of land commissioners for Brazoria county, Texas, issued to George Brown, as a colonist of Austin's colony, headright certificate, of the first class, number 238, for one league and labor of land. On February 27, 1838, George Brown indorsed on the certificate an assignment thereof, and also of his right, title, and interest to the land mentioned therein, to Josiah H. Bell. This certificate was neither recommended by the commissioners appointed under the act of the Republic of Texas to detect fraudulent land certificates, nor was suit brought to establish the same by the 1st of July, 1847, as permitted by section 2 of article 11 of the State Constitution of 1845.

Subsequently, by special act of the Legislature, passed September 1, 1856, the commissioner of the general land office was ordered to issue to the heirs of George Brown a certificate for one league and labor of land, in lieu of his headright certificate number 238.

The certificate issued by virtue of this special act of the Legislature, was subsequently located on the land in contro-

versy, and on September 7, 1860, patent issued thereon to the heirs of George Brown, deceased, their heirs or assigns.

This suit was brought by the plaintiffs, as the heirs and representatives of Josiah H. Bell, to whom the original certificate number 238 had been assigned, against the heirs of George Brown, to prove up this assignment and for decree of title to the land thus patented. The defendants resisted the claim of plaintiff; set up title to the land in themselves by virtue of the certificate issued under the special act of the Legislature and the patent thereon.

Judgment below was rendered against the plaintiffs, from which they prosecuted this writ of error.

Whether the conveyance to Josiah H. Bell by George Brown, of his unrecommended certificate number 238, be considered as a transfer of a mere chattel interest, or an equitable assignment of the land to be located and surveyed by the certificate, as the same was neither recommended nor established by suit, as required by law, both this certificate and any location and survey made by virtue thereof were, as expressly declared by the Constitution, absolutely null and void. (Const. 1845, art. 11, sec. 2; Miller v. Brownson, 50 Tex., 583.)

Being thus null and void, neither the plaintiffs, as the heirs and representatives of Josiah H. Bell, the assignee of George Brown, nor the defendants, as his heirs, had any legal right thereunder, against the government, which either a court of law or equity could recognize and enforce. This being the case, the subsequent special act of the Legislature, by which the certificate was issued to the heirs of George Brown, "was but an act of sovereign grace and bounty on the part of the political authority." (Causici v. La Coste, 20 Tex., 286.)

Being a mere gratuity, the State had the right to designate to whom the same should be given, and this having been done, it cannot be changed by the judicial department. (Eastland v. Lester, 15 Tex., 102.)

JUDGMENT AFFIRMED.