## H. M. LOCHRIDGE v. W. C. CORBETT ET AL.

Decided March 21, 1903.

**1.—Evidence—Declaration—Claim of Ownership.**

While declarations of a previous owner in favor of the title are hearsay, self-serving and inadmissible, yet evidence of assertion of ownership is admissible in connection with proof of possession and open acts of dominion to show the fact that such a claim was made.

**2.—Land Certificate—Possession—Presumption of Sale.**

An unlocated land certificate is a chattel, and the title thereto may pass by verbal sale and delivery; and while mere possession of the certificate is not sufficient evidence of ownership, yet long possession under a claim of right attended with acts of dominion may, in the absence of opposing proof, in a contest arising after the witnesses to a supposed sale of the certificate are dead, be sufficient to support a presumption of sale.

**3.—Evidence—Probate Judgment—Privies.**

Orders and judgments in probate declaring certain property to be part of the decedent's estate are not such judgments in rem as bind the world, and a declaration therein does not bind or conclude claimants who were not parties or privies to the judgment.

**4.—Estoppel—Judgment.**

A judgment can not be invoked as an estoppel except as against a party or privy, but it may be admissible as an assertion of title, where it is based on the same certificate as that under which a party claims.

**5.—Heirship—Proof.**

Where plaintiff seeks to establish title to land against a purchaser under conveyances from the original grantee in the certificate, on the ground of a bona fide purchase from the heirs of such grantee, the burden is on him to show that they were the heirs.

**6.—Stale Demand.**

The plea of stale demand is available against one having only a contract for the execution of title, but where a party has already acquired a title, whether it be legal or equitable, no lapse of time, unaccompanied by adverse possession, will defeat his right to recover.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Jacob C. Baldwin,* for appellant.

*Rowe & Rowe,* for appellees.

GILL, ASSOCIATE JUSTICE.—By this action appellant sought to establish his title to the Samuel Young survey of land in Harris County, and to recover possession thereof from the appellee, W. C. Corbett. Judgment by default was rendered against other parties made defendants, but Corbett answered by general denial, plea of not guilty and limitation; and in a trial before the court as to him, judgment was rendered that appellant take nothing and pay the costs. Lochridge has appealed and assigned errors.

Appellant claims under an alleged purchase of the land certificate from Samuel Young, the original grantee, connecting himself with the

alleged purchaser, as will hereafter appear. Appellee claims under the alleged heirs of Samuel Young with whom he connects by mesne conveyances. It thus appears that if appellant has established a sale and transfer of the certificate from Samuel Young as alleged, he should be permitted to recover, no title by limitation being shown in appellee. If such transfer has not been shown, and appellant has not been prevented from establishing the fact by some erroneous ruling of the court, the judgment of the trial court is right and should be affirmed. This being the sole issue and Corbett being in possession, the finding of the court that his vendors were not shown to be the heirs of Young if error is immaterial.

On the 23rd day of November, 1838, the Board of Land Commissioners of Harrisburg County issued to Samuel Young a second class headright certificate No. 1026 for one-third league of land. The certificate recited that Young personally appeared before the board on the date named, and made the proof required by law to entitle him to its issuance. The original certificate was, subsequent to 1852, located on 681 acres of land in Washington County, Texas, and the certificate returned to the Land Office. Thereupon on December 1, 1858, there was issued in the name of Samuel Young certificate No. 396 6-403, for the unlocated balance not appropriated by the original certificate. The proof admitted does not disclose who located the certificate in Washington County, nor furnish any history of the land since its location. As to the certificate for the unlocated balance the name of G. W. Crawford appears beneath the file mark thereon, and the same was located in Harris County upon the land in controversy. It is not shown who procured this location, but the patent, though issued in the name of Samuel Young, was delivered to G. W. Crawford. Its date is 1861. The significance of the appearance of Crawford's name in these connections will appear from the following:

Plaintiff adduced in evidence a deed from the administrator of Cyrus T. Ward, deceased, to G. W. Crawford, purporting to convey to him as purchaser at a public sale thereof the certificate No. 1026, issued to Samuel Young for one-third league of land. This deed was dated November 11, 1852.

On May 25, 1868, George W. Crawford deeded to Isaac P. Lochridge the land in controversy in this suit, describing it as "Survey No. 1032 by virtue of certificate No. 396 6-403 issued by the Commissioner of Claims on the 1st of December, 1858, for the unlocated balance of headright certificate No. 1026 issued by the Board of Land Commissioners of Harrisburg County on November 2, 1838, * * the same being a portion of the headright of Samuel Young, the certificate having been transferred by Young to Cyrus T. Ward and by the administrator of Ward to me (G. W. Crawford) November 11, 1852, and by me located and patented February 6, 1861." On the 1st day of February, 1898, I. P. Lochridge conveyed the land to appellant.

It thus appears that appellant's chain of title is perfect, if by the

proof admitted it is made to appear that Samuel Young transferred the certificate to Cyrus Ward. It should be stated in this connection that by proof of death of all parties having actual knowledge of the alleged transactions and proof of search for lost originals the proper predicate was laid for the introduction of secondary evidence on the issue of the transfer.

There are two questions presented for our consideration upon this appeal. First. Did the court err in holding that the evidence admitted was sufficient to establish prima facie a transfer of the certificate from Samuel Young to Ward? Second. Did the court err in excluding evidence proffered by appellant, the exclusion of which is complained of in assignments noticed hereafter?

The first question we shall not discuss at length, as it involves an expression of opinion as to the force and weight of the evidence, and in view of another trial we refrain from doing this. We are of opinion it does not justify this court in here rendering judgment for appellant, and hence the prayer of appellant in this respect is refused.

It has already been stated that the deed from Ward's administrator to G. W. Crawford was admitted in evidence. A part of it reciting the purchase of the certificate by Ward from Young was excluded. Appellant offered in evidence the inventory and appraisement of the estate, showing that the certificate was inventoried and appraised as a part of the estate. He offered also the orders of the court authorizing the sale, and the report and approval of sale. On objection of appellee these were excluded. The grounds of objection were that the declarations of transfer and assertions of ownership contained in those orders were self-serving, and that neither the judgment nor orders bound appellee, neither he nor his predecessors in title being parties thereto. The exclusion of this evidence is assigned as error.

Both propositions of law embodied in the objections to the proffered evidence are sound. The probate orders and judgment in the estate of Ward do not bind appellee for the reasons stated in the objection. The declarations therein that Young had conveyed the certificate to the decedent and that the estate owned it, do not conclude the heirs of Young, nor, as against appellee, are they evidence of their truth. Yet it does not follow that they were not admissible in this case. In the first place, plaintiff had the right to show that he had acquired whatever right the estate had, and to do this it was proper that he should offer the judgments and orders authorizing the administrator to make the sale and deed. A familiar instance involving the same principle is where one claims land under execution sale. In support of the sheriff's deed he may adduce the judgment and execution under which the sale is made. They are admissible as muniments of title. The matters offered were admissible for the further purpose of showing an open assertion of ownership of the certificate on the part of the estate, just as the subsequent acts of G. W. Crawford were admissible upon the same point, not as proof of the truth of the assertion, but of the fact

that ownership was openly asserted and claimed more than fifty years ago. It was not admissible in the absence of proof of possession of the certificate on the part of the estate or of G. W. Crawford under the sale by the estate, but we think his possession of the patent and the presence of his name on the back of the certificate are sufficient to authorize the proof. We understand that in many of the cases it is held that declarations of a previous owner in favor of his title are hearsay, self-serving, and therefore inadmissible, but the same cases hold that assertion of ownership is admissible in connection with proof of possession and open acts of dominion. Henderson v. Davenport, 75 Texas, 462; McDow v. Rabb, 56 Texas, 158; Davidson v. Wallingford, 88 Texas, 619. If possession is admissible as a circumstance tending to prove ownership, the character of that possession, whether adverse or not, is certainly a pertinent inquiry. We think, therefore, the claim of ownership may be shown, not as evidence of the truth of the claim, but to establish the fact that such a claim was made.

An unlocated land certificate is a chattel. It may pass by verbal sale and delivery, as any other chattel. But mere possession is not sufficient evidence of ownership, for it is not necessarily inconsistent with ownership in another. But long possession under a claim of right attended with acts of dominion and control may, in the absence of opposing proof, in a contest arising after the witnesses to the supposed sale are dead, be sufficient to support the presumption of a sale. Davidson v. Wallingford, supra.

We think the evidence should have been admitted for the purposes stated above. We wish to state distinctly, however, that we do not indorse the contention of appellant that the judgment and orders in the probate proceedings in the estate of Ward are such judgments in rem as bind the world, and that a declaration therein declaring certain property to be a part of the estate would bind claimants thereof who were not parties or privies to the judgment. Nor does the mere fact that judgments and deeds made or rendered between others than defendants are admissible as muniments of title, authorize the conclusion that the declarations therein bind others than parties or privies thereto. Such instruments are admissible as evidence of their own existence, and the cases cited by appellant on the point hold no more. Appellant seems to have wholly misconceived the purport of the cases on which he relies.

The original petition and judgment in the case of John M. Brown v. Unknown Heirs of Samuel Young et al. was offered in evidence by appellant. This petition was filed in the District Court of Washington County, Texas. The petitioner claimed as against the heirs of Young that their father, Samuel Young, deceased, had sold certificate No. 1026 to Cyrus T. Ward, deceased. That G. W. Crawford had bought the certificate from the estate of Ward and located same on 681 acres of land in Washington County, and had sold petitioner the land. Petitioner prayed for judgment establishing the transfer of the certificate to Ward, and judgment for the land. On April 12, 1860, after citation by pub-

lication, appointment of an attorney ad litem, a trial by jury was had and judgment rendered in favor of petitioner as prayed for.

The evidence was excluded on the objection of appellee that the land in controversy was not involved in that suit, and that the parties were not the same. Appellant insisted, and here insists, that it was admissible as an act of ownership, and was also admissible and conclusive on the issue of transfer of the certificate, because it was a suit between the vendee of G. W. Crawford and the heirs of Young, this being also a suit between another vendee of Crawford and the alleged heirs of Young, the same title being involved.

In disposing of this assignment it must be borne in mind that the sale of the certificate on which that judgment depended was the same sale sought to be established in this cause, and that the land sued for therein was that on which the original certificate was located in Washington County. That petition asserts that G. W. Crawford owned that certificate by purchase from Ward's estate, had it located on the land sued for therein, and sold the land to petitioner. Those assertions were made by the vendee of G. W. Crawford as to land which by the proof in this case is shown to have been located in Washington County by virtue of the original certificate at a date subsequent to the sale by the Ward estate. If the whole certificate had been located in that county and Brown had sued for the whole tract and plaintiff were claiming under Brown, it can not be doubted that the judgment would not only have been admissible, but conclusive as against the claimants under the heirs of Young.

Had G. W. Crawford sued, instead of Brown, and recovered judgment establishing the sale of the certificate to the Ward estate, it would seem that such judgment would have been res adjudicata against the heirs or their vendees in a suit for the second tract located in Harris County, the right to judgment in each case depending on the establishment of the alleged transfer. Webster v. Mann, 56 Texas, 119; Hanrick v. Gurley 93, Texas, 458, and authorities cited.

But the judgment in question in more than one respect is lacking in those elements which, as against the appellee, would constitute an estoppel. One of the settled rules governing estoppels by judgment is that the estoppel can not be successfully invoked except against a party or privy. Another rule is that the estoppel must be mutual. Black, Judgments, sec. 548.

It is plain that there is no privity between Brown and appellant, or between Brown and appellee. As to the second rule, it is plain if Brown had lost his suit against the heirs of Young, it would not have estopped G. W. Crawford from claiming the land located under the supplemental certificate, for he had not been vouched in as a warrantor, nor in any way had his day in court. Decisive of this principle are the authorities holding that a warrantor is not bound by a judgment against his vendee involving the title warranted, unless vouched into the suit, and in a suit by the vendee upon the warranty he much make out his

case independent of the judgment. Whereas if the warrantor had been brought in, the latter would not be heard to question the judgment of eviction. Black, Judgments, sec. 567.

The case differs from cases like Hanrick v. Gurley, supra, in which both parties were represented and the judgment was binding either way. When the parties are the same, the legal effect of the former judgment is not impaired because the subject matter of the second suit is different, provided the second suit involves the same title and depends upon the same question. Aurora City v. West, 7 Wall., 97; Peloit v. Morgan, Id., 619. Here the defendant, in his capacity as claimant under the heirs of Young, is in legal effect the same party as defendants in the Brown suit. The same title is invoked, though not the same subject matter, but the parties plaintiff are not the same, and lacking this, the judgment is not binding upon appellee.

We think the petition and judgment were admissible to show an assertion of right by a vendee of Crawford to land located under the original certificate, and that the right was asserted by virtue of the transfer so necessary to the plaintiff in this suit. The sale in question occurred, if at all, more than fifty years ago. G. W. Crawford is shown to have had possession of the supplemental certificate. The original was issued in 1838, and nothing done with it until after the purported sale by Ward's estate to G. W. Crawford. From that on locations begin, and none but Crawford and those claiming under him assert any claim thereto. These claims remain unquestioned for fifty years. The deed from the estate of Ward to G. W. Crawford shows by one of its file marks that it was filed in the suit of Brown against the heirs of Young in 1859. The location in Washington County, the sale to Brown by Crawford, and the suit by Brown, were among the earliest assertions of claim to and under the original certificate. A mere statement of these facts makes it plain how forceful is the fact that Brown, in 1859, having bought the Washington County land from Crawford, filed a suit in that county claiming the land as his own, claiming under the Crawford transfer, claiming against the Young interests, and publishing the claim to the world. Especially would the fact be forceful if followed by proof of possession of the land by Brown. It has been said by high authority, and is doubtless the rule, that after a long lapse of time, together with adverse possession, slight proof is sufficient to establish a grant, especially if nothing appears suggesting a contrary conclusion. Abbott, Trial Ev., p. 898. Proof of notoriety of claim of ownership is admissible. Daily v. Stan, 26 Texas, 562. The authorities already cited also justify the conclusion we have reached.

We do not deem it necessary to review the many authorities cited by appellee in support of the judgment. The question of proof of transfers of land certificates have been before the courts of this State many times and in many forms, and the decisions abound in loose and inconsistent expressions. But this may be regarded as settled law, that an unlocated land certificate is a chattel and may be sold and passed by

delivery as any other chattel; that such a transfer may be shown by circumstances, and after a long lapse of time, possession, open claim of ownership and assertion of dominion over the certificate or land located thereunder, are deemed sufficient in the absence of all opposing claim to authorize the inference of a transfer. Ordinarily the question is for the jury, as in cases involving the existence of a deed where none can be shown by direct proof.

In view of the determination of this appeal and of another trial, it is necessary to notice the propositions affirmatively presented by appellee. By the first and second cross-assignments of error appellee complains of the finding of the trial court that the evidence failed to establish that the vendors of B. L. Phillips (the immediate vendor of appellee) were not the heirs of Samuel Young. We forbear to discuss the evidence bearing upon the issue, as the same issue may arise upon another trial and will become a fact question to be determined by the trial court. We say no more at present than that the assignment can not be sustained in support of the judgment on this appeal. The evidence on the point certainly does not authorize this court to hold as matter of law that the heirship was established. As we have already shown, even if this issue is determined in favor of appellee on another trial, it can not avail the appellee if the alleged transfer of the certificate is shown, except under the plea of innocent purchaser for value without notice. If a purchase from the heirs for value without notice of the claim of appellant is shown, the judgment will be for appellee. But it will not be enough that appellee believed his vendors were the heirs of Young. They must be shown to be. The evidence does not present the issue of three years limitation. If there was a transfer of the certificate, the chain of transfer from the sovereign to the appellee was broken, and he could not prescribe under the three years statute. If there was no transfer, limitation was not necessary to a recovery by him.

Appellee also contends that the trial court erred in refusing to sustain his plea of stale demand, and cites among other authorities, Johnson v. Newman, 43 Texas, 642. In that case there was a written sale and transfer of the certificate, but no delivery. The original grantee afterwards sold the certificate to another, to whom the patent was issued. After forty years the first purchaser of the certificate sued the second, who was in possession. The court held, among other things, that since the vendor in the first sale repudiated the sale more than forty years ago, and the vendee with necessary knowledge of the facts had not sooner asserted his equity in the land, he was barred by the plea of laches. In this case the asserted right under the alleged transfer was not questioned until some time in 1896 or 1897. The cases are easily distinguished.

We are of opinion the issue of stale demand is not presented for the further reason that appellant's title, if any he has, is an equitable one, as distinguished from a mere right to enforce a promise to convey. When one who has a contract for the execution of title sleeps upon his

rights, the plea of stale demand may be successfully interposed, but when one has already acquired a title whether it be legal or equitable, no lapse of time unaccompanied by adverse possession will defeat the right to recover. Lumber Co. v. Pinckard, 4 Texas Civ. App., 681; Martin v. Parker, 26 Texas, 253. The land in controversy was never reduced to possession by any one until some time subsequent to 1895. For the reasons given we think the court erred in excluding the proffered evidence.

On account of an erroneous construction of parts of the record, we originally concluded the judgment should be reversed and judgment here rendered for appellant, and an order to that effect was entered on March 12th. Our error was discovered immediately after the entry of the order, however, and no opinion based upon that conclusion was handed down.

The record as it stands discloses the fact that the case has not been fully developed. The date of the death of Young is not shown even approximately. It is not shown who located the certificate in Washington County, and whether or not that land has been reduced to possession, and if so, under what claim of right. Nor is it shown who procured the location of the supplemental certificate in Harris County. All these matters would be useful in arriving at the truth of the case, and the record suggests that they are susceptible of proof. It also appears probable that the proof on the issue of heirship as a basis for the plea of innocent purchaser may be more fully developed. The fact that the case thus appears not to have been fully tried, and our error with reference to the state of the record, has induced us of our own motion to set aside our former order rendering judgment in favor of appellant, and to remand the case for another trial.

*Reversed and remanded.*