JOHANNA BETZER ET AL. v. E. W. GOFF.

Decided April 8, 1904.

**1.—Power of Attorney—Specific Performance—Stale Demand.**

Suit by an attorney for recovery of a half interest in a tract of land as attorney fees, according to agreement in a power of attorney given, is not an action for specific performance of a contract to convey land, but one for the recovery of land, and the doctrine of stale demand can not be invoked as a defense, because the suit was not instituted within ten years from date of giving such power of attorney.

**2.—Same—Title to Land—Tax Deed—Quitclaim Deed.**

A power of attorney conveying to attorneys one-half of all the lands of the donor, the title to which was recovered by them, held to include land held by parties claiming adversely under a tax deed, a quitclaim deed to which the attorneys secured by compromise.

Error from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

*Geo. W. Glasscock* and *J. D. Martin,* for plaintiffs in error.

*N. A. Rector,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—Defendant in error brought this suit against the plaintiffs in error to recover the title and possession of an undivided one-half of a tract of 213 acres of land in Jefferson County, and for partition of said land. The original petition which was filed May 21, 1901, was in the usual form of an action of trespass to try title and for partition. The amended petition upon which the case was tried was filed May 4, 1903, and in addition to the ordinary allegations in an action of trespass to try title, sets out the chain of title under which the land was claimed.

The answer of defendant contained a general demurrer, a special demurrer on the ground that plaintiff's cause of action was a stale demand, a plea of not guilty, and a special plea of laches and stale demand.

The trial in the court below without a jury resulted in a judgment for plaintiff in accordance with the prayer of the petition. The findings of fact by the trial court are not assailed by plaintiffs in error, and are as follows:

"First. On the 2d day of May, 1892, Caroline Rochow, then a widow, owned the 213 acres of land described in plaintiff's petition, having inherited the same from her then deceased husband, August Reuss.

"Second. On the 2d day of May, 1892, the said Caroline Rochow, joined by Aug. Bischoff and his wife Alma Bischoff, executed and delivered to James B. Goff and Edward W. Goff a power of attorney among other things reciting: 'Whereas James B. Goff and Edward W. Goff of Austin, Texas, have rendered valuable services in investigating our title to certain lands in the State of Texas; now therefore, in consideration thereof, the undersigned hereby appoint said James B. Goff and Edward W. Goff and each of them, and the survivor of them, our attorneys in

fact, jointly or severally for us and in our name to discover, sue for and reduce to possession by suit, compromise or otherwise, all lands, moneys and other property lying in said State of Texas to which we may be entitled as heirs of August Reuss, deceased, or which were granted or conveyed to said Reuss or his heirs, to compromise such suits, and our claims to said lands, etc., and sell the same on such terms as may be deemed best for our interest, etc. And in consideration of their services performed and to be performed, and their outlay for expenses incurred and to be incurred, we hereby convey to said James B. Goff and Edward Goff one undivided one-half of all of such lands, etc.'

"Aug. Bischoff and Alma Bischoff had no interest in the land at the time the power of attorney was executed, but Aug. Bischoff was then and continued to be the agent of Caroline Rochow until the 27th day of December, 1894, at which time Mrs. Caroline Rochow departed this life.

. "Third. On August 8, 1892, Aug. Bischoff acting for Caroline Rochow wrote to James B. Goff & Son as follows: 'Your favor of the 5th inst. to hand and contents noted. In reply to same wish to say that we tried to pay the tax in Nueces County, but they would not accept it; therefore it is not sold. The land in Jefferson County, we paid taxes for some years and then neglected it, so I think there will be a little trouble, as it might have been sold for taxes; but see what you can do and sell it to the best advantage.'

"On August 9, 1892, James B. Goff & Son duly mailed to Aug. Bischoff a reply in which among other things it was stated: 'Yours 8th received. We wish to state that it is impossible to place the 160 acres in Nueces and the 213 acres in Jefferson County (patents to which you sent us) on the market in their present condition, but we will attend to them as well as the other surveys we find and act under the contract which has been executed to us. We state this plainly because we want no misunderstanding on the part of Mrs. Rochow or any of the Reuss heirs when it comes to paying our fee of our half,' etc.

"This letter also conveyed the information that both the 160-acre tract in Nueces and the 213 acres in Jefferson County had been sold for taxes and that the purchasers were claiming under their tax deeds.

"Aug. Bischoff testified that he did not remember receiving this letter, while Edward W. Goff testified that the letter was duly mailed, and had not been returned to James B. Goff & Sons.

"Fourth. Prior to Mrs. Caroline Rochow's death, James Goff and Edward W. Goff had compromised with the parties claiming the lands in Nueces and Jefferson counties under tax deeds and had quitclaim deed therefor from them.

"Fifth. Caroline Rochow died the 27th day of December, 1894, and the defendants now own all of her interest in the land in controversy as set forth and stated in plaintiff's amended petition.

"Sixth. That Caroline Rochow was the widow of A. Reuss, to whom

the land in the suit was patented, and she inherited all the property of A. Reuss solely as her own and his only heir.

"Seventh. At the date of the execution of the power of attorney, to wit, May 2, 1892, the patent to the 213 acres of land in controversy was in possession of Mrs. Caroline Rochow.

"Eight. After the execution of the power of attorney to Goff, Aug. Bischoff sent the patent to Messrs. Goff with request to sell the land, nor did he know at the time that the land was claimed under a tax title.

"Ninth. In April, 1895, administration of the estate of Mrs. Caroline Rochow was begun in De Witt County, and was kept open until July, 1900, when it was closed.

"Tenth. James B. Goff died before the institution of this suit and Edward W. Goff now owns all the interest of said James B. Goff in said land.

"Eleventh. The Goffs, acting under said power of attorney, sold the Nueces County land in 1895, and after some objection the defendants recognized this sale and accepted one-half of the purchase money, the Goffs retaining the other half.

"Twelfth. Plaintiff's original petition, which was a simple suit of trespass to try title, was filed herein May 21, 1901.

"Thirteenth. There has been no actual occupany or possession of the land in controversy.

"Fourteenth. Caroline Rochow held the patents to the Nueces and Jefferson County lands at the time this power of attorney was executed, and said patents were sent to the Goffs about August 8, 1892."

Plaintiffs in error contend under their first, second and third assignments of error, that the cause of action set up in the amended petition being one for the specific performance of a contract to convey land and said amendment not having been filed within ten years after the date of the contract, plaintiff's suit was a stale demand and was barred by the ten years statute of limitation. This contention is without merit. Plaintiff's suit was for the recovery of land and the amendment in no way changed the character of the suit, but simply set out the chain of title under which plaintiff claimed. It matters not whether this title be legal or equitable, if it be a title as distinguished from a mere equitable right to acquire title the doctrine of stale demand can not be invoked as a defense to the suit. Secrest v. Jones, 21 Texas, 121; Martin v. Parker, 26 Texas, 253; Trinity Lumber Co. v. Pinckard, 4 Texas Civ. App., 681; Stafford v. Stafford, 96 Texas, 106, 70 S. W. Rep., 75.

If the suit could be regarded as one for the specific performance of a contract for the conveyance of land the evidence fails to show that the cause of action was barred, since it did not accrue until the Goffs had procured a right in the land by a performance of the services undertaken by them under the power of attorney, and the evidence does not show the date of such performance.

The fourth assignment of error assails the judgment on the ground that the land in controversy was not embraced in the power of attorney

under which plaintiff claims. The power of attorney conveyed to the Goffs one-half of all the lands of the donor, the title to which was recovered by them, and the trial court found that the land in controversy was held adversely to Mrs. Rochow by parties claiming under a tax deed, and that the Goffs acting under said power of attorney compromised with the adverse claimants and procured a quitclaim deed from them for said land. While there is no affirmative finding of that fact it is manifest that the title thus secured by the attorneys was for the benefit of their donor; there is no intimation that they ever asserted any claim under said title adverse to Mrs. Rochow or the plaintiffs in error, and the petition in this suit recognizes the title of plaintiffs in error to the one-half of the land not claimed by plaintiff under the power of attorney.

Under these facts we think the plaintiff showed title to the one-half interest in the land sued for, and the judgment of the trial court is affirmed.

*Affirmed.*