C. M. SHERMAN ET AL. v. W. A. PICKERING ET AL.

Decided June 30, 1909.

### 1.—Land Grant—Donation.

It seems that as a general rule when a legislative grant is not made in discharge of some obligation of the government that the law would recognize such grant as a pure donation.

### 2.—Same—Sale of Claim to Bounty Warrants.

Where the grantee was entitled to a bounty warrant certificate for 1280 acres of land by reason of his services in the Texas army in 1835 and 1836 and executed a deed to an undivided one-half of such claim, and thereafter, in 1862, the Legislature passed a relief Act requiring the Commissioner of the General Land Office to issue to him a duplicate land warrant for 1280 acres in lieu of the original warrant for that quantity, provided it should appear that the original warrant had not been returned or duplicate issued for same, it appeared from the terms of the Act that the grant was in consideration for the service in the war for Texas Independence, and in lieu of his barred claim, and the title thus required to the land located by such certificate inured to the benefit of his vendee. Houston Oil Co. v. Gallup, 50 Texas Civ. App., 369.

### 3.—Cases Reviewed and Distinguished:

Causici v. La Coste, 20 Texas, 286; McKinney v. Brown, 51 Texas, 94; Grant v. Wallis, 60 Texas, 350.

### 4.—Limitation—Stale Demand.

If the Act, under which the certificate was granted, inured to the benefit of the assignee, the title thus acquired by the latter, whether legal or equitable, was such title as would support an action of trespass to try title and would only be barred under the statute of limitation affecting suits of trespass to try title, and the doctrine of stale demand had no application.

Appeal from the District Court of Shelby County. Tried below before Hon. S. W. Blount, Special Judge.

*Andrews, Ball & Streetman, John B. Warren* and *John Hamman,* for appellants.—The claim of Frederick A. Sherman, and likewise his vendees, having been denounced as void by the law at the time of the passage by the Legislature of the special relief Act for the benefit of the said Sherman, and there being nothing in the special relief Act indicating that it should inure to the benefit of the vendee of said Sherman, the title of the said Sherman to land obtained by reason of the special Act did not pass to Edward Linn. Causici v. La Coste, 20 Texas, 286; McKinney v. Brown, 51 Texas, 94; Hines v. Thorn, 57 Texas, 98; Grant v. Heirs of Wallis, 60 Texas, 350; Leonard v. Rives, 33 S. W., 292; Bacon v. Russell, 57 Texas, 409; Holmes v. Anderson, 59 Texas, 482; Rogers v. Kennard, 54 Texas, 34; Bates v. Bacon, 66 Texas, 348; Ralston v. Skerrett, 82 Texas, 489; Lyne v. Sanford, 82 Texas, 58; Hill v. Kerr, 78 Texas, 218; Nona Mills Co. v. Wright, 101 Texas, 14; Houston Oil Co. v. Gallup, 109 S. W., 957.

If any right accrued to Linn or his vendees because of the transfer of the bounty claim by Sherman, as to the land located and surveyed under the warrant issued by virtue of the special Act, it was only an equitable right, which was a stale demand long prior to the institution of this suit. Abernathy v. Stone, 81 Texas, 434; Howard v. Stubblefield, 79 Texas, 1; Rankin v. Busby, 25 S. W., 679; Frost v. Wolf, 77 Texas, 458; Fuller v. Coddington, 74 Texas, 337; Carlisle v. Hart, 27 Texas, 350-4; Robertson v. DuBose, 76 Texas, 1; Johnson v. Newman, 43 Texas, 636.

*Bryarly, Carter & Walker* and *Doom & Doom,* for appellee J. T. Harris.

*J. M. Sanders,* for appellees Pickering and Pickering Lumber Company.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellant, Mrs. C. M. Sherman, against the appellees, W. A. Pickering, the W. R. Pickering Lumber Company and J. T. Harris, to recover the title and possession of a tract of 1,280 acres of land in Shelby County granted by the State to F. A. Sherman.

The defendant J. T. Harris disclaimed all right, title and interest in and to an undivided one-half of said lands; but, as to the other one-half, he filed a general denial and plea of not guilty.

The defendants W. A. Pickering and the W. R. Pickering Lumber Company disclaimed as to the title to the land in controversy, except as to the undivided one-half interest in and to the standing and growing pine timber thereon ten inches and upwards in diameter, as to which the said defendants filed a general denial and plea of not guilty.

By way of cross-action, the said defendants W. A. Pickering and the W. R. Pickering Lumber Company set up that the said undivided one-half interest in and to the standing and growing pine timber ten inches and upwards in diameter upon the said land had been purchased by them of the defendant J. T. Harris, and that the said defendant

J. T. Harris had warranted the title thereto, and, in the event plaintiff should recover of said W. A. Pickering and the W. R. Pickering Lumber Company the title and possession of and to the lands described in the pleadings of the plaintiff, then, in that event, the said defendants prayed judgment over and against their warrantor, J. T. Harris, for the sum of $4,800, same being the amount paid to the said Harris for the said timber.

On August 6, 1908, Joe S. Rice and Cecil A. Lyons, receivers of the Kirby Lumber Company, filed their petition in intervention in the form of an action of trespass to try title, seeking to recover the title and possession of and to the land in controversy from the plaintiff, Mrs. C. M. Sherman, and the defendants, W. A. Pickering, J. T. Harris and the W. R. Pickering Lumber Company.

Upon the trial of the cause, it was admitted by the plaintiff and the defendants that the plaintiff, Mrs. C. M. Sherman, by a deed to the land in controversy, duly executed and acknowledged and delivered since the institution of this suit, had conveyed the land in controversy to Joe S. Rice and Cecil A. Lyons, receivers of the Kirby Lumber Company, and interveners herein, and that whatever interest plaintiff had in the land had been vested by said deed in the interveners, Joe S. Rice and Cecil A. Lyons, receivers of the Kirby Lumber Company.

The case was tried before the court upon evidence introduced by the plaintiff, interveners and defendants, and judgment rendered for the plaintiff and interveners for an undivided one-half interest in and to the land sued for and described in plaintiff's petition, and against the plaintiff and interveners, and in favor of the defendants, as to the other undivided one-half interest in and to said land.

The evidence shows that F. A. Sherman was a soldier in the Texas army in 1835 and 1836, and by reason of his services as such soldier was entitled to a bounty warrant certificate for 1,280 acres of land. On the 6th of August, 1857, he executed a deed to Edward Linn conveying to him the following described property:

"One-half of my right, title and interest in and to certain land certificate No. 329, issued by the Board of Land Commissioners for the county of Harris, to the said F. A. Sherman, for one-third of a league of land; also one-half of the title and interest in and to a bounty claim of twelve hundred and eighty (1,280) acres of land for service in the army of the Republic of Texas, in the year 1836."

On the same day that this deed was executed Sherman also executed a power of attorney to Linn authorizing him "For and in my name, place and stead, to prosecute and obtain for me my right and title to a certain headright certificate No. 329, issued by the Board of Land Commissioners for Harris County, to me, the aforesaid F. A. Sherman, for one-third of a league of land, and to prosecute my right, title and claim in and to my bounty warrant for twelve hundred and eighty acres of land for services in the army of the Republic of Texas, for the year 1836, also to have the same located, surveyed and patented; giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, with

full power of substitution and revocation, hereby ratifying and confirming all my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof."

It is not shown that Linn did anything in the matter of proving up the bounty warrant claim mentioned in the above deed and power of attorney. Linn died in November, 1868, and in a suit for the partition of his estate, in the District Court of Travis County, among other property directed to be sold by order of the court for purpose of partition was an undivided one-half interest in a land certificate issued to F. A. Sherman for 1,280 acres of land, said certificate having been issued by virtue of an Act for the relief of F. A. Sherman passed by the Legislature of Texas and approved January 11, 1862.

At a sale by the commissioners of partition on January 1, 1874, Linn's interest in this certificate was purchased by J. C. Minter. The deed to Minter was recorded in May, 1882. Appellee Harris holds the title of Minter. The land in controversy was located under this certificate in 1873 in the name of F. A. Sherman, after the death of Linn. In 1879 corrected field notes were made and returned to the land office in the name of F. A. Sherman, and patent was issued in his name. Sherman died in October, 1884.

The Act under which the certificate by virtue of which the land was located is as follows:

"An Act for the relief of F. A. Sherman.

"Section 1. Be it enacted by the Legislature of the State of Texas, that the Commissioner of the General Land Office be and he is hereby authorized and required to issue to F. A. Sherman a duplicate land warrant for 1,280 acres of land in lieu of the original warrant for said quantity of land, provided it shall appear that said original warrant has not been returned to the General Land Office or duplicate issued for same.

"Section 2. That this Act take effect from and after its passage.

"Approved January 11, 1862."

It was shown that no bounty warrant issued to F. A. Sherman was ever registered and approved by the Commissioner of Claims as required by the Act of August 1, 1856, or was ever presented to such Commissioner, and no bounty warrant for 1,280 acres of land was issued by said Commissioner to Sherman or to any one for him. There has been a continued assertion of claim under the Minter title ever since his purchase at the partition sale above mentioned.

Appellants hold all the title of F. A. Sherman in the land in controversy.

The appellants assail the judgment of the court below upon the ground that the State, having been under no legal obligation to F. A. Sherman at the time the relief Act before set out was passed, such Act was one of sovereign grace and bounty, and the land granted thereby became a gift from the State to said Sherman, and Linn acquired no interest therein under the prior conveyance to him by Sherman of one-half of the latter's interest in his bounty warrant claim. The cases of Causici v. La Coste, 20 Texas, 286; McKinney v. Brown, 51 Texas, 94; Grant v. Wallis, 60 Texas, 350, and others cited and relied on by appellants to support their contention, seem to establish the general

rule that when a legislative grant is not made in discharge of some obligation of the government that the law would recognize, such grant would not in a legal sense be anything more than an act of sovereign grace and bounty. And in such case it matters not how meritorious the consideration that constitutes the moving cause for making the grant, if it is not such as the law would recognize, the grant is a pure donation.

We do not think that the recognition of this rule necessarily requires a reversal of the judgment of the court below. It is true that at the time the relief Act was passed authorizing the issuance of a duplicate land warrant to Sherman, his original claim had become barred under the statute, and therefore the consideration for the grant was not in discharge of an enforceable legal obligation, but we think it clear that if the Legislature, instead of authorizing the issuance of a duplicate certificate to Sherman had merely authorized him to go into court and prove up his original claim and receive a certificate thereon, it could not be said that the certificate thus issued would not have been issued in discharge of a legal obligation, and that the land granted thereby was a donation. It seems to us that the Act of the Legislature above set out did nothing more than lift the bar of the statute and thus authorize the discharge of a legal obligation of the State in favor of Sherman. In the case of McKinney v. Brown, *supra,* this construction could not be given to the relief Act in question in that case, for the reason that the Legislature at the time that Act was passed could not, under the then Constitution of this State, waive the bar of limitation and permit the reinstatement of the original claim.

In the case of Causici v. La Coste, *supra,* the claim which formed the consideration of the special grant had never become a legal demand, and in the Grant-Wallis case the status and character of the claim which formed the consideration for the grant was not shown. The facts of all of the other cases cited by appellants distinguish them from the instant case.

We do not think it can be doubted from the terms of the Act itself that the certificate granted under the Act in question in this case was given in consideration of the services of Sherman in the war for Texas independence, and in lieu of his barred claim arising from the legal obligation of the State to grant him 1,280 acres of land in consideration of his said services. Under this construction of the special Act, under which the certificate was issued, it follows that the title thus acquired by Sherman inured to the benefit of his vendee Linn, and the trial court did not err in so holding.

We think the present case is more analogous to the case of Houston Oil Co. v. Gallup, 50 Texas Civ. App., 369, and the holding in that case should be followed.

It is further contended by appellants that the claim of appellee, being merely an equitable right in the land, is a stale demand, and is barred by the statute of limitation of ten years. There is no merit in this contention.

If the Act under which the certificate was granted to Sherman inured to the benefit of his assignee, the title thus acquired by Linn, whether legal or equitable, was such title as would support an action

of trespass to try title, and would only be barred under the statutes of limitation affecting suits of trespass to try title.

These conclusions dispose of all the questions presented in appellants' brief and none of the assignments of error therein presented can be sustained. We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.