· No. 5766.

JOSEPH ACKERMAN ET AL. *v.* SARAH HUFF ET AL.

1. ASSIGNMENT OF ERROR —An assignment that "the court erred because the judgment is not supported by the evidence," is not a compliance with the statute or rules of the Supreme Court, it being too general.
2. BREACH OF WARRANTY—PLEADING.—The Railway Company alleged the purchase of the right of way and depot grounds from the defend- ants Ackerman et al.; that they executed a warranty deed therefor and the right thereto has failed, *held* sufficient to support a judgment for damages for breach of warranty.
3. CONDEMNATION OF RIGHT OF WAY—RECITAL.—In absence of proof otherwise, recitals in the judgment of condemnation of land under the statute that due notices had been given, such recital is conclusive, al- though the mode of service be not shown nor appear in the record.
4. SAME.—Upon the entry of a decree of condemnation it is proper that the money allowed for damages be paid by the railway company to the county clerk. Such payment satisfies the constitutional requirement that compensation shall be first made or secured by a deposit in money. (Const., art. 1, sec 17.)
5. CONDEMNATION OF RIGHT OF WAY, ETC.—The district court had the power to ascertain and determine whether a condemnation had been made of the right of way. The district court. however, could not, if objected to, condemn the land in favor of the railway company in a proceeding to try the title to the land.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

The facts sufficiently appear in the opinion.

*Clifford & Aycock,* for appellants Huff et al., plaintiffs below, cited Miller v. Brownson, 50 Texas, 597; Hatchett v. Connor, 30 Texas, 113; Wafford v. McKinna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 615; Lindsay v. Luckett, 20 Texas, 520; 6 Wheaton, 121; Lee v. Salinas, 15 Texas, 495.

*Wurzbach & Boone* and *Minter & Altgelt,* for Ackerman et al., defendants below, against the plaintiffs: 1. Their demand was stale. Possession was taken 1876; suit was filed July 12, 1883. There is nothing in the record to excuse the delay. (Rowe v. Horton, 5 Texas Law Review, No. 51, p. 800; Carlisle

v. Hart, 27 Texas, 352; Lewis v. Cole, 60 Texas, 341; Barrett **v.** Kelley, 31 Texas, 480; McGreal v. Jones, 36 Texas, 674; Flemming v. Reed, 37 Texas, 152; Walling v. Wheeler, 39 Texas, 480, 585, 674; Taylor v. Campbell, 59 Texas, 315; McFaddin v. Williams, 58 Texas, 625; Haskins v. Wallet, 63 Texas, 213; Tiebant v. Millican, 4 Texas Law Review, No. 6, p. 85.)

2.    The pleas of limitation should have been sustained. (Cantagrel v. Von Lupin, 58 Texas, 577; Wafford v. McKinna, 23 Texas, 43.)

3.    The judgment in favor of the railway company was not supported by the pleadings.

*McLeary & Barnard,* for appellee: 1.    The assignment of errors made by Ackerman et al. is too general to deserve the attention of the court (it is given in the opinion).    Rules of Supreme Court, Nos. 24–27; Revised Statutes, article 1037; Railway Company v. Montier, 61 Texas, 123; Railway Company v. Irvine, 64 Texas, 535; Hodde v. Susan, 63 Texas, 310.

2.    The judgment in the condemnation proceedings was between the same parties and can not be attacked collaterally. Mikeska v. Leon & H. Blum, 63 Texas, 46; Fleming v. Seeligson, 57 Texas, 525; Murchison v. White, 54 Texas, 78; Ewing v. Wilson & Howell, 63 Texas, 89; Freeman on Judgments, chapter 13, pages 296, 297

STAYTON, CHIEF JUSTICE.    This action was brought by the heirs of Alpheus Huff to recover seven hundred acres of land claimed by Joseph Ackerman, George H. Bechsenschutz and August Kroeger, who, by warranty deed, had conveyed to the International & Great Northern Railroad Company a right of way and depot grounds.

The railway company was also made a defendant, and in addition to claim of right of way and depot grounds acquired by proceedings in condemnation had against the plaintiffs, it asserted a claim against its warrantors.

There was a judgment in favor of the plaintiffs for all the land except that claimed by the railroad company; a judgment in favor of Ackerman for the value of improvements made by him; a judgment in favor of the railroad company for right of way and depot grounds and against their warrantors.

There were appeals by all these parties except the railroad company, but by agreement of these parties it is consented

that the judgment be affirmed as to all matters except those affecting the right of the railroad to depot grounds and right of way, and those affecting the right of the railroad company to recover on the warranty made by the defendants.

This being the state of the record no other questions need be considered. The defendants rely upon the following assignment of error:

"The court erred in rendering judgment in favor of the defendant, the International & Great Northern Railroad Company, against these defendants, because the same is not supported by the evidence."

Under the statutes, the rules of this court and repeated decisions, it must be held that this assignment is too general to entitle the parties to a review of the judgment and proceedings that led to it.

It is urged, however, that there is fundamental error, and the matter is thus presented in brief of counsel: "The court erred in rendering judgment in favor of the defendant, the International & Great Northern Railroad Company, against the appellants, because such judgment is not supported by the pleadings."

The pleading for the railroad company alleged the purchase of right of way and depot grounds from the defendants; that they executed a warranty deed therefor, and the judgment, which the agreement of the defendants authorizes to be affirmed, shows a breach of the warranty. There is no claim that the judgment is for a greater sum than they were liable for on their warranty. Under this sate of facts the judgment in favor of the railroad company against the defendants must be affirmed.

The railroad company pleaded its title to the right of way and depot grounds through proceedings had against the plaintiffs to condemn, and to this the plaintiffs filed a supplemental petition setting up several grounds on which it was claimed that the procedings to condemn were invalid, but they subsequently withdrew this and reserved to themselves only the right to object to such proof as the railroad company might offer in support of its claim through the condemnation alleged.

The plaintiffs offered to introduce in evidence the proceedings against them by the railroad company to condemn the right of way and depot grounds for the purpose of showing that they had no notice of the proceeding, and these were excluded.

The bill of exceptions does not show what the proceedings were except in a general way, and those parts of the proceedings found in the record, from which the plaintiffs seek to draw the inference that no notice was given, do not tend to that conclusion, but to the contrary, for the judgment of the court making the condemnation declares that notices were given.

The fact that the report of the commissioners only states that the notices were issued does not tend to prove that they were not in some lawful manner served, nor does the fact that some of the the plaintifs were non-residents of the State and that a sufficient time to give notice by publication did not elapse between the time the proceedings were commenced and the time the damages were assessed show that notice was not given in some other lawful manner, nor that the plaintiffs did not appear in person or by representative and thus render such notice, given as the statute requires, unnecessary.

The plaintiffs proposed to prove by one of the commissioners that no notice was given to the plaintiffs and that they did not appear and this evidence was excluded on the ground that the recital in the judgment was conclusive of the fact that notices were given.

This ruling may have been erroneous and is assigned as error, but it is not prosecuted in brief of counsel, and under Rule 29 must be regarded as abandoned.

The judgment of condemnation in terms undertakes to vest the fee to the right of way and depot grounds in the railroad company, but this the court had no power to do and its judgment is in so far inoperative. (Rev. Stats., 4206.

The original petition for condemnation is not found in the record, but the proceedings offered show that the lands condemned were fully and particularly described therein, and with reference thereto the condemnation was made.

This, with the plat, made a part of the judgment in this cause, in the absence of evidence to the contrary, must be presumed to describe the land condemned with sufficient certainty. When the land was condemned the money was paid into court for the appellants, and it is urged that it was error to permit that fact to be proved.

Such a payment, we are of the opinion, satisfies the constitutional requirement that "compensation shall be first made or secured by a deposit of money" (Const., art. 1, sec. 17), and there was no error in permitting that fact to be proved.

The steps taken in the attempt to condemn the land may not have been in accordance with the laws regulating such procedure, and we do not pass upon any question that might be raised in the cause other than such as the plaintiffs present in the assignments of error relied on in their brief.

The district court had the power to determine that the land had been condemned to the use of the railway, and we would not be authorized to inquire whether its finding that it had been so condemned was erroneous on grounds not relied on by the plaintiffs.

An issue was made as to the rights of the respective parties, and evidence heard as to the extent of compensation the plaintiffs were entitled to receive from the railway company, and it is not clear, where the plaintiffs did not object to the trial of such an issue in this cause, that the judgment herein rendered would not vest in the railway company the right to use the way and depot grounds, even if there had not been a prior condemnation. No such right could be established in an action of this character if a plaintiff objected.

There is no error pointed out in the assignments of error presented in the brief, and under the agreement filed the judgment will be affirmed.

*Affirmed.*

Opinion delivered June 30, 1888.