INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. J. E. DOUGLAS.

No. 605.

**1. Motion for a New Trial—Too General.**—One of the grounds of the motion for a new trial was, that the verdict is contrary to the law as given in the charge of the court. This part of the motion was properly disregarded, because made in violation of Rule 68 for District Courts, not being specific.

**2. Same—Not Reviewed, When.**—When action by the court below upon the effect of evidence upon a particular point in the case has not been invoked by the motion for a new trial, the ruling on the motion on that point will not be reviewed.

**3. Charge on Contributory Negligence.**—Plaintiff having sued for damages resulting from an unsafe crossing, and the presence of an engine there with its pilot upon the crossing, a charge, in effect, that if the bridge was constructed of unsuitable materials, and its timbers were broken or unsafe, and plaintiff knew the defects, or by the use of reasonable care might have known of them, his crossing would be contributory negligence, was as full and specific a charge as the defendant had the right to demand.

**4. Irrelevant Hypothesis in Charge.**—See opinion for a charge which submitted an irrelevant hypothesis, and made the right of plaintiff to recover to depend upon its determination, and which was properly refused.

**5. Ordinary Care.**—See opinion for charges given by the court below which properly define ordinary care with regard to crossings, and which are held not to require that the crossings be kept in safe condition, but only that defendant exercise proper care to keep them in safe condition; and which negative the idea that defendant was an insurer of safety.

APPEAL from Houston. Tried below before Hon. A. B. WATKINS.

*G. H. Gould*, for appellant.—If plaintiff's horses were frightened at the engine, and ran away on account of such fright, and plaintiff knew the engine was there before he attempted to cross, he was guilty of contributory negligence, and ought not to recover. Railway v. Taliaferro, 19 S. W. Rep., 432; Railway v. Montgomery, 19 S. W. Rep., 1016; Railway v. Brown et al., 21 S. W. Rep., 424.

There is nothing safe in this world. The Great Creator has never proposed to make anything absolutely safe; and a railroad company ought not to be required to do more than He. And it seems like mockery to require it to use "reasonable care" to do a thing which is impossible to be done. All that is required of a railway company is "to use ordinary care to make things reasonably safe." Railway v. Williams, 82 Texas, 345; Railway v. Gross, 21 S. W. Rep., 186.

*Adams & Adams,* for appellee.—The special charge asked by defendant is entirely on the weight of evidence. Nor is such charge the law. In order for contributory negligence to bar a recovery, such contributory negligence must be the "proximate cause of the injury." Campbell v. McCoy, 23 S. W. Rep., 34, citing Wood on Mast. and Serv., 638, and Railway v. Ormond, 64 Texas, 489.

The court did not err in instructing the jury that it was the duty of defendant to keep the crossing in a "safe condition." The court in the charge fully lays down the law, and, the charge being construed as a whole, the contention for error of appellant in this assignment is purely imaginary. Railway v. Snead, 23 S. W. Rep., 277.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued to recover damages for injuries alleged to have been caused by negligence of defendant. The alleged negligence consisted in a failure of defendant to keep a crossing over the track in proper repair, and in leaving one of its engines standing with its pilot partly on such crossing, whereby the horses hitched to defendant's wagon, as he was passing over such crossing, were scared by the engine, and by stepping in a hole in such crossing, were caused to run away and seriously hurt plaintiff. The defense was a denial of plaintiff's allegations, and contributory negligence on his part. Verdict and judgment for plaintiff for $2000.

One of the assignments attacks the verdict of the jury, on the ground that the evidence showed plaintiff to have been guilty of contributory negligence. This was not properly assigned as a ground for a new trial in the court below. The only grounds of the motion for new trial which were addressed to the evidence, were as follows: "The verdict is contrary to and not supported by the evidence. The verdict is contrary to the law as given in the charge of the court." It was proper to disregard this part of the motion, as it was made in disregard of the rules. Rule 68 for District Courts. White v. Wadlington, 78 Texas, 159.

When action of the court below, upon the effect of the evidence upon a particular point in the case, by motion for new trial, has not been properly invoked, its ruling on the motion will not be reviewed in the appellate court. Foster v. Smith, 1 Texas, 72; Cotton v. The State, 29 Texas, 187; Hart v. Ware, 8 Texas, 115.

We will not, therefore, in this state of the record, undertake to review the evidence for the purpose of determining whether or not it sustains the verdict. Hence, no conclusions of fact are deemed essential.

The substance of the first special charge asked by defendant was contained in the charge of the court. That charge, upon the subject of contributory negligence, was as full and as specific as defendant had the right to demand.

The third special charge asked by defendant was as follows: "Defendant asks the court to instruct the jury, that if there was room

enough on said crossing for wagons to cross, if the engine had not been there, and the same was reasonably safe in the absence of said engine; or if there was room to cross with said engine there, and plaintiff could safely have crossed if his team had not become frightened and shied, and the shying of his team threw them into a hole that they would not otherwise have gotten into, then he can not recover."

This instruction was properly refused. The presence of the engine with its pilot upon the crossing was a fact for the jury to consider in determining the issues. It might have been true that there would have been room to cross if the engine had not been there, and still it would not follow that plaintiff could not recover. The charge submitted an irrelevant hypothesis, and made plaintiff's right depend on its determination. Everything supposed in the charge might have existed, and yet defendant may have been guilty of the negligence charged against it.

The charge is not open to the objection made in the fourth and fifth assignments. The instructions to which objection is made are as follows:

"Reasonable or ordinary care, as hereinafter used, means that degree of care and caution which an ordinarily prudent man would exercise under like circumstances. It was the duty of defendant company to use reasonable care and diligence to maintain and keep the bridge on the crossing where plaintiff was injured in such repair that any one might cross in safety.

"The defendant company was not required to maintain the bridge in such repair as would preclude the possibility of injury to those crossing it in wagons, or in other words, to insure all persons passing over its tracks in wagons from injuries, but only to use the degree of care above defined.

"The failure to use such reasonable care to keep and maintain the bridge or crossing in a safe condition for the passage of wagons would render defendant company liable to damages sustained by a person crossing the same, so far as such damages were the proximate and natural result of the defective condition of the bridge, provided such person were not cut off from his claim for damages by reason of his own contributory negligence."

These instructions, taken together, do not require that the crossing be kept in safe condition, but only that defendant exercise the proper degree of care and keep it in as safe condition as, with such care, could be done."

The charge also negatives the idea that defendant was an insurer of safety.

There was no error in the charge complained of in the seventh assignment. It was proper under the pleadings and evidence to submit to the jury the question whether or not the injury resulted from the de-

fective crossing alone, or from that in connection with the presence of the engine.

Our conclusion is, that the judgment should be affirmed.

*Affirmed.*

Delivered June 21, 1894.

Writ of error refused by the Supreme Court, November 30, 1894.