INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. J. E. DOUGLASS.

No. 484.

87  297
92  266

1. **Mandamus to Court of Civil Appeals—Statement.**

What should be omitted and what inserted in the statement required to be made by the Court of Civil Appeals in cases in which writ of error may lie, are questions which necessarily involve discretion on part of the court. And when the court has acted, and in the exercise of their discretion have filed what they consider a sufficient statement of the case, in ordinary cases they can not be compelled to file additional conclusions .................. 298

2. **Practice in Writ of Error—Extracts from Transcript.**

It has been the practice of this court to permit applicants to bring up in the transcript from the Court of Civil Appeals, and to file as a part of their application, such extracts from the transcript of the trial court as their counsel may deem proper, and to consider such extracts in determining the propriety of granting the writ of error.................................... 298

APPLICATION for writ of error and for mandamus to Court of Civil Appeals for First District, in an appeal from District Court of Houston County.

*G. H. Gould*, for applicant.

GAINES, ASSOCIATE JUSTICE.—This application for a writ of error is accompanied by a petition for a writ of mandamus to the Court of Civil Appeals of the First Supreme Judicial District to compel that court to file their conclusions of fact.

The transcript shows, that the court filed a written opinion which contains a brief statement of the case. It was doubtless considered that everything was stated which was necessary to present fully and fairly the questions upon the rulings of the trial court which were properly brought up for revision. The appellant, however, moved the court to file additional conclusions of fact. In an opinion upon this motion, the court say: "This motion is refused, because the conclusions upon which the judgment is affirmed are fully stated in the opinion, and also the reasons why conclusions from the evidence were not stated, viz., that the motion for a new trial did not in a proper way question the sufficiency of the evidence."

We deem it the duty of the Court of Civil Appeals, when they have rendered a judgment to which a writ of error may lie, upon a proper request, to file a written statement as to .the substantial contents of so much of the record as is requisite to reflect fully the questions upon the determination of which the correctness of their judgment may depend. This may embrace the substance in part of the pleadings, of the procedure as shown by the transcript, and of conclusions of fact

deduced from the evidence as shown by the statement of fact.    But it is evident that all of these are not necessary in any case.    What should be omitted and what inserted are questions which necessarily involve discretion on the part of the court; and when the court has acted, and in the exercise of their discretion has filed what they consider a sufficient statement of the case, we are of the opinion that they can not, at least in ordinary cases, be compelled to file additional conclusions.

But the appellate court may err as to what is necessary to embrace in their conclusion in order to secure a fair presentation of the case upon an application, and may omit some fact pleaded, some matter of procedure or of proof, which counsel for the applicant may deem vital to the success of the application.    It would be a practical denial of the right of appeal to this court to hold the applicant without remedy in such a case.    It has therefore been the practice of this court, ever since its organization under the recent amendments to the Constitution, to permit applicants to bring up in the transcript from the Court of Civil Appeals, and to file as a part of their application, such extracts from the transcript of the trial court as their counsel may deem proper, and to consider such extracts in determining the propriety of granting the writ of error.

From what we have said, it follows that we are of the opinion that the writ of mandamus prayed for should be refused.    It would be futile to issue process upon the petition.

The applicant has, however, availed itself of its privilege of supplementing the transcript from the Court of Civil Appeals which is required by the statute and the rule of this court, and has incorporated in it the statement of facts from the transcript from the District Court. Therefore no injury results from its failure to obtain a writ of mandamus.

We have considered the errors assigned in the application for the writ of error in the light of the statement of facts, and find no error in the judgment of the Court of Civil Appeals.    The writ of error prayed for is therefore refused.

*Application refused.*

Delivered November 15, 1894.