### ADOLPH WETZ v. ALMA WETZ.

#### Decided January 9, 1902.

**1.—Assignment of Error.**

Assignments of error alleging merely that the trial court erred in overruling the general and special exceptions to plaintiff's petition, or that the judgment is contrary to the law and the evidence, are too general.

**2.—Same—Bill of Exceptions and Statement Necessary.**

An assignment to the action of the trial court in excluding offered evidence will not be considered in the absence of a bill of exceptions, and where it is addressed to the improper admission of evidence and is not followed by a statement as required by the rules, it will be regarded as abandoned.

**3.—Same—Fundamental Error.**

An assignment of error in an action for divorce to the effect that the trial court erred in awarding the custody of the children to the plaintiff because the record shows that no proof such as is required by article 2987 of the Revised Statutes was offered, and no evidence heard as to the prudence and ability of the parents as required by law, does not present fundamental error, and not being in the record, can not be considered.

**4.—New Trial—Adjournment of Court.**

Although a motion for new trial be not overruled in express terms, it is discharged by the adjournment of the court for the term, and the party making the motion can not complain that such adjournment was before the time to which the term might have lasted, unless he shows that he was injured thereby for want of time to prepare his motion and bills of exceptions.

**5.—Bill of Exceptions—Conclusions of Law and Facts.**

Where a party objects to the conclusions of law and fact filed by the court, he must point out in a motion for additional conclusions the facts on which he desires a finding, and must take a bill of exceptions to the refusal of the court to file such conclusions, as also to the court's refusal to hear argument before deciding the case.

**6.—Assignment of Error—Motion for New Trial.**

An assignment that the court erred in granting a divorce for the reason that there was no proof that the plaintiff was a bona fide resident of the State, or that she had resided in the county for six months, is not regarded as presenting fundamental error, and such question not having been raised by the motion for new trial, will not be considered on appeal, even though the trial below was before the court without a jury.

Appeal from Fort Bend. Tried below before Hon. Wells Thompson.

*Slyfield & Davidson,* for appellants.

GARRETT, CHIEF JUSTICE.—The appellee, Alma Wetz, brought this suit in the District Court of Fort Bend County for a divorce from the

appellant, Adolph Wetz, on the ground of cruel treatment, with a prayer for the custody of their two minor children, Ada and Olga. The appellant answered both the original petition and the first amended original petition with general and special exceptions. The original petition was probably bad on general demurrer, but the first amended original petition alleged a cause of action good on general demurrer. The special exceptions will not be considered because they are not presented by a proper assignment of error. The second assignment of error, which seeks to have them reviewed, is too general, being addressed to the action of the court in overruling the general demurrer and special exceptions. Rev. Stats., art. 1018; Rules for the Courts of Civil Appeals, 22-27.

There is no statement under the third assignment of error, which complains of the action of the court in permitting the plaintiff to prove specific acts of ill treatment without sufficient allegations to admit such proof, and the assignment must be regarded as abandoned. Rules, supra, 29. An assignment that the judgment is contrary to the law and the evidence is too general. Ackerman v. Huff, 71 Texas, 317.

The fourth assignment of error is not more specific than the one in the case just cited, and numerous other cases that might be cited. It is that: "The court erred in granting a divorce to the plaintiff because the proof fails to show that she was entitled to a divorce, and second, because the testimony clearly shows that she was not entitled to a divorce. The judgment was clearly contrary to the law and the evidence." Being too general, it will not be considered. The fifth assignment complains of the action of the court in awarding the custody of the children to the plaintiff without hearing evidence as to what the interest of the children demanded, and who was mentally, physically, morally, and financially best able and best calculated to have control of them; while the sixth assignment complains that the court erred in refusing to hear proof that the plaintiff was neither mentally, physically, nor financially able to have the care and control of the children; and the thirteenth assignment assigns as error the awarding of the custody of the children to the plaintiff because the record shows that no proof such as is required by article 2987 of the Revised Statutes was offered, nor was there any evidence heard as to the prudence and ability of the parents as required by said article.

This assignment, however, will not be considered, because it does not appear in the record and does not present fundamental error. It is not made to appear by any bill of exception or otherwise that the court refused to hear evidence touching the fitness of the respective parties to have the custody of the children. It was developed on the trial of the case that there were two children of the marriage, little girls of very tender age. There was nothing in the evidence to show that their mother was an unfit person to have charge of them, while it did appear that the chief cause of the unhappy relations between the plaintiff and defendant was the defendant's cruel treatment of the oldest child. It was shown that the defendant had very little means, which was presum-

ably community property. He and his wife were both in bad health. The action of the court in awarding the custody of the children does not appear to be without evidence, and it does not appear that the court refused to receive evidence upon the matter. These assignments will be overruled. The seventh, eighth, and ninth assignments of error complain of the action of the court in adjourning one week before the time for which the term might last had expired, thus depriving the defendant of the benefit of his motion for a new trial, and by hurrying the adjournment and giving the defendant only fifty minutes to prepare and have his bill of exceptions signed, and without passing upon his motion for a new trial. It does not appear that the defendant sustained any injury by the action of the court as complained of. A motion for a new trial was filed and a bill of exceptions was prepared and signed and filed before the adjournment was made. And while there is no order in the record by which the motion for a new trial is in terms overruled, it was discharged by the adjournment of the court. Rev. Stats., art. 1374.

The bill of exceptions reserved to the action of the court shows that defendants' counsel had more than two hours in which to prepare the same and prepare the motion for a new trial. If the defendant objected to the conclusions filed by the court in response to his motion for conclusions of law and fact to be filed, he should have pointed out in a motion for additional conclusions the facts which he desired a finding upon. His assignment of error is that the court erred in (not) filing its conclusions of fact and law separately as requested by the defendant, the paper filed as such being neither a conclusion of fact nor law. In order to have the action of the trial judge reviewed for a refusal to file conclusions a bill of exceptions should be taken. Hess v. Dean, 66 Texas, 663; Callaghan v. Grenet, 66 Texas, 240. The reason for such rule is that the attention of the trial judge may never have been called to the motion for conclusions. In this case the attention of the court was not called to any objection by the defendant to the conclusions filed. The eleventh assignment of error is that the court erred in refusing to hear argument of the defendant upon the conclusion of the testimony. All parties in civil cases have the right to be heard by counsel in argument whenever a question of fact is submitted to the jury or the evidence is conflicting. Rev. Stats., art. 1299; Nesbit v. Walters, 38 Texas, 576; May v. Hahn, 22 Texas Civ. App., 365; 2 Enc. of Pl. and Prac., 699; 1 Sayles' Texas Civ. Prac., sec. 548.

But the bill of exceptions fails to show that the court refused to hear argument; or that counsel for defendant requested to be allowed to argue the case; or that the defendant excepted to the action of the court in deciding the case without hearing argument. The bill shows that after the evidence of both parties had been introduced the court, without giving the defendant time to argue the case and present his authorities, immediately rendered judgment in favor of the plaintiff, and then the defendant asked the court to give him time to file a motion

for a new trial, which the court refused, stating that he intended to adjourn at 12 o'clock; and defendant then asked for time to prepare his bills of exception, and the court replied he would give until 12 o'clock. To which the defendant excepted because the time was too short and the term could last another week, and the case should not be hurried in any such manner. It appears from the qualification of the bill by the trial judge that the decision of the court was rendered at 11:15 o'clock a. m. and that court did not adjourn until 2 o'clock p. m. This bill reserves no exception to a refusal to hear argument, but only to a refusal to give time to file a motion for a new trial, and sufficient time to file a bill of exceptions. The assignment of error must be overruled.

It is assigned as fundamental error in the judgment, there being no assignment upon the question in the record, that there is no proof in the record that the plaintiff was an actual bona fide inhabitant of the State, or that she had resided in the county of Fort Bend six months next preceding the filing of her suit. This can hardly be regarded as fundamental error, but the motion for a new trial filed by the defendant fails to call this question to the attention of the court. There may have been such proof in the evidence, and it may have been inadvertently omitted from the statement of facts. Notwithstanding the fact that a case has been tried by the court without a jury, a question of fact can not be reviewed in the appellate court unless it has been called to the attention of the court below in a motion for a new trial. Railway v. Douglass, 87 Texas, 297; same case, 7 Texas Civ. App., 554. And although the court in this case may not have passed on the motion for a new trial no injury is shown, since it did not question the proof of the facts as to the plaintiff's being a bona fide inhabitant of the State and a resident of the county for six months. No error having been properly presented requiring a reversal of the judgment of the court below, it will be affirmed.

*Affirmed.*