### WARREN v. WARREN et al.

(Court of Civil Appeals of Texas. Dallas. March 2, 1912.)

1. APPEAL AND ERROR (§ 733*) — ASSIGNMENTS OF ERROR—SPECIFICATION OF ERROR.

Assignments of error asserting that the judgment of the court below is contrary to law and against the preponderance of the evidence, which in itself is conflicting, incompetent, and insufficient, are too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

2. APPEAL AND ERROR (§ 294*)—NECESSITY OF MOTION FOR NEW TRIAL.

Questions of fact will not be reviewed on appeal, unless they have been first called to the attention of the trial court by motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1724–1735; Dec. Dig. § 294.*]

3. TRESPASS TO TRY TITLE (§ 10*)—TITLE TO SUPPORT ACTION—EQUITABLE TITLE.

Plaintiff in trespass to try title may recover on proof of equitable title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 13; Dec. Dig. § 10.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by Alfred Warren and others against Dan Warren. Judgment for plaintiffs, and defendant appeals. Affirmed.

Bell & Fryer, for appellant. W. R. Boyd, for appellees.

RASBURY, J. This is an appeal from a judgment of the district court of Freestone county. The suit was begun January 7, 1910. The plaintiffs were Alfred Warren, Frank Warren, and Ben Warren. The defendant was Dan Warren. All parties are negroes, and the defendant, Dan Warren, is the uncle of plaintiffs. The petition, in substance, states: That plaintiffs are the legal owners of an equal undivided one-half interest in and entitled to possession of three certain tracts of land in Freestone county out of the Jefferson Richards survey; two of the tracts containing 100 acres each, and one tract containing 93 acres. That on January 1, 1910, the defendant, Dan Warren, entered upon and took possession of said lands and unlawfully withholds possession of the same from plaintiffs to their damage $1,500. Also alleged the use of the premises by defendant for one year to their further damage $100. Plaintiffs sought judgment against defendant establishing title in

them to an equal undivided one-half interest in the lands, and for partition thereof. By first amended original answer, filed January 7, 1910, the defendant pleaded the general demurrer, not guilty, bar of limitations of three, five, and ten years, February 16, 1910, the case was tried without the intervention of a jury, and the court awarded what we will call the first 100 acres to Dan Warren absolutely; but awarded to Alfred, Frank, and Ben Warren the title and possession of an equal undivided one-half interest in the 93-acre tract and the second 100-acre tract, awarded plaintiffs writ of possession, and appointed commissioners of partition and directed them to partition the lands as decreed. No motion for new trial was filed in the court below by appellant.

[1, 2] Appellant's first, second, third, fourth, and fifth assignments of error challenge the sufficiency and competency of the evidence to sustain the judgment of the court below. Discarding the testimony set out therein and claimed to be insufficient and incompetent, the assignments assert that the judgment of the court below is contrary to law and against the preponderance of the evidence, which, in itself, is conflicting, vague, indefinite, incompetent, and insufficient. Appellees raise the point that the record fails to show a motion for new trial, and that since it has been held that questions of fact, in order to be reviewed, must be called to the attention of the trial court by motion for new trial, the assignments should not be considered. It may also be said that the assignments are too general. Black v. Black, 67 S. W. 928; Wetz v. Wetz, 27 Tex. Civ. App. 597, 66 S. W. 869; Ackerman v. Huff, 71 Tex. 317, 9 S. W. 236; Railway Co. v. Douglass, 87 Tex. 297, 28 S. W. 271; Id., 7 Tex. Civ. App. 554, 27 S. W. 793; Clark & Loftus v. Pearce, 80 Tex. 150, 15 S. W. 787; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004. Under the authority of the cases cited, we overrule appellant's first, second, third, fourth, and fifth assignments. It may be said, however, that from the testimony relating to the agreement between appellant and appellees to purchase the land described in plaintiffs' petition it does seem fairly clear and satisfactory that there was such an agreement made. The details of the agreement were not explicitly proven, but that seems natural in view of the long lapse of years and the relation of the parties.

[3] Appellant, by his sixth assignment, maintains that the effect of the judgment of the court below was to ingraft a parol trust upon the deed of the appellant to the land in controversy under the ordinary pleadings in statutory trespass to try title and asserts the proposition thereunder that by the ordinary action of trespass to try title no such relief may be had in the absence of special plea asking equitable relief. As we under-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

stand the controversy, appellees are not asking *equitable relief*, but under the proceeding of trespass to try title proved *equitable title*, and that this may be done in a suit of trespass to try title is, we think, well settled. Judge Wheeler, in one of the early cases, says: "We have * * * determined that an equitable title may be interposed by a defendant to prevent a recovery in an action of trespass to try title, and we see no reason why a plaintiff may not recover upon such title. The statute * * * could not have been intended to introduce all the incidents and consequences attached to that form (ejectment) of action in the common law. Its object was, not to determine upon what character of *title* an action may be maintained, but simply to furnish a mode of procedure to ascertain in whom the right of property resides." Easterling v. Blythe, 7 Tex. 214, 56 Am. Dec. 45; Martin v. Parker, 26 Tex. 254; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Mason v. Bender, 97 S. W. 715; Tompkins v. Broocks, 43 S. W. 70; Betzer v. Goff, 35 Tex. Civ. App. 406, 80 S. W. 671. We think it clear by authority of the cases quoted that the court did not err in admitting the testimony challenged by appellant under his sixth assignment of error, and it is also overruled.

Finding no error in the judgment of the court below, it is affirmed.