## HEAD v. ALTMAN.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1913. Rehearing Denied March 8, 1913.)

1. APPEAL AND ERROR (§ 301*)—MOTION FOR NEW TRIAL—FILING—COURT RULES—APPLICATION.

District Court Rule 71a (145 S. W. vii), providing that a motion for a new trial shall be filed in all cases where the parties desire to appeal from a judgment of the trial court or sue out a writ of error, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial, applies to trials before a court without a jury, as well as to trials to a jury, and precludes a consideration on appeal of an assignment of error not set forth in the motion for a new trial, unless the error arose after it was too late to file the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

2. NEW TRIAL (§ 119*)—FILING—TIME—CONSIDERATION.

While Rev. Civ. St. 1911, art. 2023, requires that motions for a new trial shall be filed within two days after the rendition of the judgment if the term continues so long, it does not preclude the trial court from entertaining a motion filed after the time specified, especially where the ruling complained of has arisen after it is too late to file the motion within the statutory time.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 243; Dec. Dig. § 119.*]

3. APPEAL AND ERROR (§ 301*)—MOTION FOR NEW TRIAL—REVIEW.

Rev. Civ. St. 1911, art. 2023, requires motions for a new trial to be filed within two days after the rendition of the judgment if the term shall continue so long, and district Court Rule 71a (145 S. W. vii) declares that a motion for a new trial shall be filed in all cases where an appeal or writ of error is desired, unless the error is fundamental. Held, that such rule contemplated that an opportunity should be first given the trial court, if possible, for the correction of errors of procedure, because of which it was insisted that the judgment should be reversed on appeal, and, the court having filed its conclusions of fact and law in term time, and at a period when alleged error therein could have been presented to it for its consideration by a motion for a new trial, appellant was bound to do so, in order to obtain a review of the objections on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by E. V. Altman against T. J. Head. Judgment for plaintiff, and defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Clint. Chambers, of Anson, and Theodore Mack, of Ft. Worth, for appellant. Brooks & Brooks, of Anson, for appellee.

CONNER, C. J. On appeal from a justice's court appellee recovered a judgment in the county court of Jones county against the appellant, T. J. Head, for the sum of $136 as commissions for the sale of a tract of land owned by appellant. The trial in the county court was before the court without a jury, on the 2d day of March, 1912. On the 21st day of March, 1912, the court, pursuant to a request, filed his conclusions of fact and law. No motion for a new trial was filed, and the court adjourned for the term on the 30th day of the same month. An appeal has been prosecuted, appellant assigning errors which charge conflicts in the court's finding of fact, an insufficiency of the evidence to sustain certain findings, and an entire absence of evidence to sustain the judgment, also urging objections to a number of the court's conclusions of law.

We are met at the threshold of the case with a motion on appellee's part to strike out all of appellant's assignments of error. The contention, is that under the operation of rule 71a for the district courts (145 S. W. vii) and rules 24 and 25 for the Courts of Civil Appeals (142 S. W. xii), that complaint cannot be made on appeal of proceedings upon the trial, unless the matters complained of have been presented to the trial court in a motion for a new trial. Rule 23 (142 S. W. xii) provides that the record on appeal must contain assignments of error, as required by the statutes in the absence of which the appellate court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court.

Rule 24 reads: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

[1] Rule 71a provides that: "A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial." Rule 71a is an amendment that took effect in January, 1912, and has been construed by the Amarillo and El Paso courts as having been intended to apply to trials before the court without a jury, as well as to trials

before a jury, and as precluding a consideration on appeal of any assignment of error unless the error has been distinctly set forth in a motion for new trial in the court below. See Davidson v. Patton, 149 S. W. 757; Nunn v. Veal, 149 S. W. 758; Murphy v. Earl, 150 S. W. 486. We do not think it necessary to add to what has been said in the decisions referred to, but we agree with the construction of the rules as therein given, save that we are of opinion that a distinction must be made where just complaint arises after it is too late to file a motion for a new trial. For instance, under the law as it now exists motions for new trials must be filed during the term, and the trial judge is given 10 days after the adjournment of the term within which to file his conclusions of fact and law, when requested by one of the parties. See Revised Statutes 1911, art. 2075. So that, if in a given case, in compliance with this statute, the court's conclusions of fact and law should be filed after the adjournment of the term, and legal cause of complaint thereof should be found to exist, it would be unreasonable to presume that amended rule 71a was intended to apply thereto. In the construction of court rules, as well as of law, it will not be assumed that the legislative power intended the performance of legal impossibilities, and we would therefore have no hesitation in considering the assignments of error in this case which complain of the court's conclusions of fact and law, did it not appear that they were filed within term time, and at a period when the trial court might have acted thereon.

[2, 3] It may be said that the statute requires motions for a new trial in the court below to be filed within two days after the rendition of the judgment, if the term of court shall continue so long, and inasmuch as the court's conclusions of fact and law in the present case were filed more than two days after the rendition of the judgment, that the assignments of error are not objectionable under the very rule of construction that we have suggested is the proper one. But while the statute is as indicated (Revised Statutes 1911, art. 2023), it has been often determined that the trial court may nevertheless entertain a motion filed thereafter (Linn v. Le Compte, 47 Tex. 440; Bryorly v. Clark, 48 Tex. 345), and we think the spirit of rule 71a contemplates that an opportunity shall first be given to the trial court, if it can be done, for a correction of errors of procedure because of which on appeal it is insisted that the judgment should be reversed. Such has long been the rule where complaint is made, as in some of the assignments of error in this case, of the insufficiency of the evidence to sustain the verdict. See Railway v. Douglas, 7 Tex. Civ. App. 554, 27 S. W. 793; Wetz v. Wetz, 27 Tex. Civ. App. 597, 66 S. W. 870; City of Austin v. Forbis, 99 Tex. 234, 89 S. W. 405;

Railway v. Douglass, 87 Tex. 297, 28 S. W. 271.

We conclude that appellee's motion to strike out appellant's assignments of error must be sustained, and, no fundamental error appearing, the judgment is affirmed.