SOUTHERN PAC. CO. v. GORDON.
(No. 671.)

(Court of Civil Appeals of Texas. El Paso. March 15, 1917. Rehearing Denied April 5, 1917.)

1. WITNESSES ⟺240(4) — LEADING QUESTIONS.

Asking a witness to state whether or not he knew what caused a shed to fall, and, if he did, to state the cause, does not suggest a particular answer and is not leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 839.]

2. EVIDENCE ⟺474(11) — CONCLUSIONS — FACTS AS BASIS.

A witness who was present at an accident, and has described in detail the facts leading

up to the fall of a shed may give his conclusion as to the cause of the falling.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2206.]

**3. MASTER AND SERVANT ⬦⇒280—PERSONAL INJURIES—ASSUMPTION OF RISK.**

In an action by a servant for injuries received while working on a snowshed being wrecked, evidence *held* not to show that servant's injuries were due to dangers assumed by him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986.]

**4. MASTER AND SERVANT ⬦⇒288(6)—INJURIES TO SERVANT—ASSUMPTION OF RISK—QUESTIONS FOR JURY.**

In an action by a servant for personal injuries, whether servant had such knowledge of the danger as to charge him with assumption of the risk *held* a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1072.]

**5. APPEAL AND ERROR ⬦⇒1001(1)—REVIEW—FINDINGS OF JURY—AFFIRMATIVE EVIDENCE.**

Findings of the jury supported by affirmative evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3933.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by A. E. Gordon against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Kemp & Nagle, of El Paso, for appellant. Geo. E. Wallace, P. E. Gardner, and W. S. Berkshire, all of El Paso, for appellee.

HARPER, C. J. This suit was brought in the district court of El Paso county, Tex., by A. E. Gordon, against the Southern Pacific Company for injuries which he alleges he sustained while in the employ of the defendant company as carpenter, while engaged in assisting in wrecking a snowshed, near Blue Canyon, in the state of California, on or about the 16th day of February, 1915. Plaintiff alleged that through the negligence of the defendant and its crew in charge of the work he sustained injuries for which he sued. Tried with a jury, and upon their verdict, judgment was entered for $5,000 damages, and this is appealed from.

[1, 2] By the first assignment, it is urged that the court erred in permitting plaintiff to introduce an interrogatory propounded to one Schaeffer, as follows:

"Please state whether or not from the position you occupied you knew what caused the shed to fall, and if you say you do, please state specifically, as nearly as you can, the cause of the shed falling, and how it was caused to fall,"

—first, because it was leading and suggestive and suggests to the witness that he knew what caused the shed to fall; and, second, because the witness is nowhere qualified to testify as to the cause of the falling of the shed.

And the second assignment urges that the answer thereto should have been stricken out for the reason that same is in response to a leading and suggestive question, and because it is a conclusion of the witness, and he is not shown to have been qualified to testify to a conclusion. The answer is:

"It was caused to fall by pulling out that main line beam first."

A leading question is one which suggests a particular answer. We fail to see how the question suggested the answer to be given. There are, properly speaking, two interrogatories in one, and the answer objected to does not cover the first. The statement of facts shows that he testified that he was present and witnessed the accident and described in detail the facts leading up to the fall of the shed, and it seems that this is all the qualification necessary in such cases, for this is in no sense an opinion from an expert, and, since he states the facts, it was not improper for him to state his conclusions based thereon.

It seems that the objections urged to these questions and the answer were more nearly directed at the probative value of the testimony than its admissibility. The assignments are therefore overruled.

The third and fourth urge that the court erred in not excluding the following interrogatory and answer:

"If you answer the above interrogatory that the foreman or some of the men tied a rope to one of the beams or supports, then please state what beams or supports this was, and also state whether any force was applied to this rope, and state whether or not from the position you then occupied you could tell what effect the application of force on this rope had on the beams and supports of the shed; if so, state what and how it affected the shed with reference to whether or not it caused it to move or fall,"

—to which the witness answered:

"They tied the rope to the main line beam. There was men pulling on it. How many I don't know. The force of the rope pulled out the beam, and that let the supports go. It caused the sheds to collapse."

Overruled for the reasons given next above.

The fifth assignment is to the same effect, directed to a similar question and answer, and is overruled for the same reasons.

The sixth reads:

"The court erred in its general charge in submitting to the jury the question of liability on the part of the defendant for the reason that the court should have instructed a verdict in favor of the defendant because the uncontroverted evidence shows that the plaintiff was an experienced man, familiar with the wrecking of snowsheds and with the manner of doing the work, and that he knew and must have known of the manner and way in which the snowshed was being wrecked and the condition of the snowshed, and because the uncontroverted evidence shows that he knew or must necessarily have known and was charged with knowledge of the risks and dangers incident to the wrecking of the snowshed in the manner and way in which it was being wrecked."

[3] The seventh complains of the failure to give a peremptory instruction. The propositions urged under both are the same:

"That the evidence shows that plaintiff's injuries were due to risks and dangers assumed by him."

Substantially plaintiff's petition sets up the following acts as constituting negligence upon the part of defendant company: That he was engaged as a carpenter to construct, repair, and remodel snowsheds; that one Thompson was defendant's foreman; that said Thompson and his crew were engaged in wrecking a shed near Blue Canyon, Cal.; that said shed extended over the main line, and also over a side track; that he was directed to remove a part of the roof over the side track, and that said Thompson directed other members of the crew to remove a portion of it which was over the main line; that in doing so they removed certain supports or beams, and that on account of the fact that said beams were the main support of the entire shed, when they were removed, the entire shed collapsed, including that upon which plaintiff was working; that he was thereby thrown down and injured; that he had no knowledge of the condition of the shed, nor did he have any warning that the foreman and other members of the crew were in the act of removing the supports as they did. There is affirmative evidence in the record supporting these allegations. The court was therefore required to submit the question of negligence. It was admitted that the plaintiff was at the time engaged in interstate commerce.

[4, 5] Was he guilty of assumed risk? The defense of assumed risk rests on the fact that a servant knowingly and voluntarily exposed himself to danger and thus assumes the risk thereof. There is evidence that plaintiff was engaged in the work assigned to him prior to and at the time that the foreman and other employés by the act of removing the main beam caused the shed to fall. It therefore became a question of fact for the jury to determine whether plaintiff had such knowledge of the danger as to charge him with assumption of the risk, and, the question having been determined in favor of plaintiff, the judgment cannot be disturbed.

The assignments are therefore overruled, and the cause affirmed.