## PAWLOSKEY v. KUSCH.    (No. 7923.)

(Court of Civil Appeals of Texas. Galveston. May 17, 1920.)

1. Appeal and error ⬅️731(1), 733—Assignment of errors held too general.

In an action for breach of promise of marriage, assignments of error that the verdict of the jury is contrary to the evidence and that the judgment of the court is contrary to law are too general, and present nothing for review, in view of Rev. St. 1911, art. 1612.

2. Appeal and error ⬅️1001(1) — Court of Civil Appeals may not disturb supported finding.

Where there is sufficient support in evidence for jury's verdict, Court of Civil Appeals is without authority to disturb finding.

3. Appeal and error ⬅️742(4)—Exclusion of testimony presented by assignments which do not show exceptions not reviewable.

. Matters presented by assignments to the admission of testimony are not reviewable by the Court of Civil Appeals, under Rules for the Courts of Civil Appeals, No. 31 (142 S. W. xiii), where none of the statements show that any bill of exceptions was reserved, while in only two cases does it appear that any objection was offered.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Action by Gertrude Pawloskey against Luther Kusch. From a judgment for defendant, plaintiff ·appeals. Affirmed.

A. W. Hodde, of Brenham, and P. J. Alexander, of Giddings, for appellant.

Mathis, Teague & Mathis, of Brenham, for appellee.

GRAVES, J. This action was for damages alleged to have resulted from the breach of a promise of marriage. The question of whether or not there had been a marriage contract at all between the parties was submitted as the first fact issue to a jury, and, on its answering that there had not been, the court entered judgment. on the verdict in favor of the defendant, and the plaintiff appeals.

Her first two assignments are as follows:

"First Assignment of Error. Because the verdict of the jury is contrary to the evidence. "Second Assignment of Error. Because the judgment of the court is contrary to the law."

[1] Obviously, under our authorities, these complaints are too general and present nothing for review by an appellate court. Rev. St. 1911, art. 1612; Wetz v. Wetz, 27 Tex. Civ. App. 597, 66 S. W. 869; Brotherhood v. Chandler, 146 S. W. 626; Wright v. Wright, 155 S. W. 1015; Ross v. Blunt, 166 S. W. 913; Moore v. Cooper Mfg. Co., 171 S. W. 1034; Smith v. Jones, 192 S. W. 795; American Life Ins. Co. v. Rowell, 175 S. W. 170.

[2] If they were considered, however, neither could prevail, because this court has taken the trouble to determine that there was sufficient support in the evidence for the jury's verdict. It would therefore be without authority to disturb that finding. Southern Pacific Co. v. Gordon, 193 S. W. 471; Ry. Co. v. Marti, 183 S. W. 846, at page 752, par. 2.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Assignments 3 to 8, inclusive, all complain of the admission of testimony, some of it alleged to have been given orally and some by deposition; but none of the statements thereunder show that any bill of exceptions was reserved to the court's refusal to receive any of it, while in only two of the instances does it even appear that any objection was offered at the time. Consequently these matters are not reviewable by this court. Rule 31 for Courts of Civil Appeals, 142 S. W. xiii; Lumber Co. v. Skeeters, 140 S. W. 511; Bangle v. Railway Co., 140 S. W. 374; Smyer v. Railway Co., 154 S. W. 336, par. 3; Loan Agency v. Fleming, 18 Tex. Civ. App. 668, 46 S. W. 63; Dyer v. Pierce, 60 S. W. 441.

The last two assignments submit as error the court's action in presenting special issues Nos. 2 and 3 to the jury; but these were only directed to be answered in event they first found there had been a marriage contract, which was not done; succeeding issues therefore became immaterial.

After a careful examination of the record no reversible error is found, and the judgment is affirmed.

Affirmed.